IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MALCOLM JONES                                                                               PLAINTIFF

v.                                                                     CAUSE NO. 3:12-cv-862-CWR-LRA

WAFFLE HOUSE, INC., et al.                                                              DEFENDANTS

**ORDER**

Before the Court is Plaintiff Malcolm Jones's ("Jones") Motion to Remand. Docket No. 5. A response opposing the motion was filed on January 30, 2013, Docket No. 7. The plaintiff, however, has not filed any reply. For reasons explained below, the Court is able to rule based on its review of the Complaint and the papers submitted. The motion is GRANTED.

**I. Factual and Procedural History**

Jones alleges that he was made a victim of gun violence when, during an unfortunate visit to a Jackson, Mississippi, Waffle House, an assailant verbally assaulted him and then shot at him multiple times. Docket No. 1-3, ¶ 11. According to Jones, he was taken to the hospital that same day, March 27, 2011, where he was treated for three gunshot wounds. *Id.*

On October 2, 2012, Jones filed suit in state court, claiming that Defendant Waffle House, Inc. ("Waffle House") and its site manager, Defendant Reggie Jenkins ("Jenkins"), were negligent "owners, operators and persons in charge of the Waffle House building" at the time of the shooting. Docket No. 1-3, ¶¶ 8, 16. Through his Complaint, Jones sought an unspecified amount of damages to compensate for his pain and suffering, medical expenses, disability and impairment, lost wages, and other injuries. Docket No. 1-3, ¶ 43.

Waffle House removed this action on December 17, 2012, alleging that removal was proper, and that this Court had diversity jurisdiction, under 28 U.S.C. § 1332, because Jenkins, the only non-diverse defendant, was fraudulently joined, and because Jones sought damages in

excess of $75,000.00. Docket No. 1, ¶¶ 10-13. Jones denies these allegations and asks that this case be remanded to state court.

## II. Legal Standard

The diversity jurisdiction of federal district courts is limited to civil actions where the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000," exclusive of interests and costs. 28 U.S.C. § 1332(a). Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

Waffle House, as the removing party, bears the "heavy" burden of establishing improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 450 (S.D. Miss. 2011) (citation omitted). In order to meet this burden, Waffle House must show, by clear and convincing evidence, "either: (1) actual fraud in the pleading of jurisdictional facts or the citizenship status of [Jenkins], or (2) inability of the plaintiff to establish a cause of action against [Jenkins] in state court." *Dandridge*, 823 F. Supp. 2d at 450-51. Doubts about the existence of federal jurisdiction must be resolved against a finding of jurisdiction, and in favor of remand. *Id.* at 450 (citation omitted).

The defendants do not dispute that Jenkins is a Mississippi resident, therefore, the Court focuses on the second prong of the fraudulent joinder inquiry. *Id.* at 451. In doing so, the Court must determine whether the plaintiff:

> has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose

> liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Travis*, 326 F.3d at 648 (emphasis in original) (citation, quotation marks omitted).

The Court may determine whether Jenkins is properly joined using either of two methods: Ordinarily, the Court conducts "a Rule 12(b)(6)-type analysis," wherein the Court asks whether the plaintiff has "plead[ed] enough facts to state a claim to relief that is plausible on its face," against the in-state defendant. *Smith v. Petsmart Inc.*, 278 F. App'x 377, 379 (5th Cir. May 15, 2008) (unpublished); *Dandridge*, 823 F. Supp. 2d at 451. But in those cases where "the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Petsmart*, 278 F. App'x at 379 (citation, ellipsis, quotation marks omitted). Under that approach, "the court may consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* In both methods, ambiguities in state law and factual disputes are resolved in favor of the plaintiff. *Id.*; *Dandridge*, 823 F. Supp. 2d at 451.

### III. Law and Analysis

The Court, in determining whether Jenkins was properly joined, takes notice of an existing ambiguity within Mississippi law. In *Petsmart*, a Mississippi couple sued both a resident manager and an out-of-state defendant, alleging premises liability. 278 F. App'x at 378. The defendants contended that the manager was improperly joined. *Id.* But on appeal, the district court's order finding improper joinder and denying a motion to remand was reversed. *Id.* The Fifth Circuit explained:

> Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases. The Mississippi Supreme Court has stated that 'the owner, occupant, or *person in charge* of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe.' . . . [B]ecause we must 'resolve all uncertainties [in the relevant state law] in favor of the non-moving party,' we assume that under Mississippi law a store manager may qualify as a 'person in charge of premises.' Assuming that a store manager may qualify as a person in charge, the question before us is whether the [plaintiffs] established a reasonable possibility of recovery against [the manager] based on the fact that she was a person in charge of Petsmart's premises. We believe that the Smiths' claim establishes a reasonable possibility of recovery.

*Id.* at 380 (emphasis in original) (citations omitted). Because the governing law was ambiguous, that ambiguity militated in the plaintiffs' favor. The case was decided without piercing the pleadings.

Using the lens outlined above, the Court must examine Jones's Complaint to determine whether he has stated a plausible claim for relief against Jenkins under Mississippi law. The Complaint alleges that Jenkins was a site manager; that he had responsibility for "overseeing the safety and security" of Waffle House visitors; that he managed the Waffle House common areas "at all pertinent times"; that he was under a duty to reasonably protect Waffle House invitees from foreseeable harm and danger; that, before the shooting on March 27, 2011, he was aware that the conditions at the Waffle house were unsafe and inadequate, but attempted no remedy or repair; that he knew that fights occurred inside the store and directed the security guard to stay outside in the parking lot; that, "at all pertinent times," he was a person in charge of the Waffle House with control and authority to make management decisions "material to the personal safety and security of Jones"; and that, he knew that the security measures being provided were unreasonable and inadequate. Docket No. 1-3, ¶¶ 8, 10 13, 14, 15, 16, 24, 33. And it contains further allegations, specifically directed at Jenkins, which outline the plaintiff's theory of negligence. *Id.* ¶¶ 22-35. *Cf. Doss v. NPC Int'l, Inc.*, No. 4:10-cv-17, 2010 WL 1759153, at *2

(N.D. Miss. Apr. 29, 2010) (denying a motion to remand where the "Plaintiffs' Complaint d[id] not contain any allegations specifically directed at [the non-diverse defendant]").

These facts are sufficient to make out a claim against Jenkins under the particularities of Mississippi law. The allegations posed against Jenkins raise the same legal ambiguity that was decisive in *Petsmart*. Resolving the ambiguity in the non-movant's favor, the Court must assume that a site manager, like Jenkins, would qualify as a "person in charge of premises" under Mississippi law. *See, e.g.*, *Jones v. Westwick Apartments*, No. 3:11-cv-125, 2011 WL 8198563, at *3 (S.D. Miss. June 7, 2011) (collecting cases). Accordingly, Jenkins has not shown that he is improperly joined because Jones's Complaint establishes a reasonable possibility of recovery under Mississippi law. *See Littleton v. Dollar General Corp.*, No. 5:12-cv-47, 2013 WL 1305505, at *5 (S.D. Miss. Mar. 26, 2013) ("Because the defendants have not shown that the plaintiff would not be entitled to any relief against [the store manager] under any set of facts or any possible theory that she could prove consistent with the allegations in her Complaint, the plaintiff's motion to remand shall be granted."). Therefore, this Court lacks subject matter jurisdiction over Jones's claims.

The Court reaches this conclusion without piercing the pleadings, as Jenkins urges it to do. Jenkins asserts that he cannot be held liable because he was not "on duty" at the time of the shooting. Docket No. 7, at 2. He claims that his affidavit provides sufficient evidence supporting his assertion. *Id.* at 3. But even if the Court found that the Complaint "misstated or omitted discrete facts that would determine the propriety of joinder" and that outside evidence would clarify, *Petsmart*, 278 F. App'x at 379, the evidence that Jenkins relies on would not change the outcome.

Undisputedly, Jenkins was a resident "*site* manger" of the Waffle House at the time of the shooting. Docket No. 1-3, ¶ 8 (emphasis added). And contrary to Waffle House's representation that Jenkins was "*not* on duty," *see* Docket No. 7, at 2 (emphasis in original), Jenkins's affidavits do not make that affirmation. Rather, in the affidavits Jenkins plainly states that he was "not present" at the time of the shooting. Docket Nos. 7-1, ¶ 2; 7-2, ¶ 8. The mere assertion of non-presence, however, does not exempt Jenkins from liability as a site manager.

As the Court has previously explained, "whether the premises manager is present or not at the time of the subject incident . . . is not the linchpin to establishing liability." *Jones*, 2011 WL 8198563, at *3. The title of site manager specifically suggests authority over the property where the Waffle House was located. In this capacity, Jenkins's responsibilities could include an ongoing duty to maintain the safety of the premises, even if he was not directly responsible for contracting security workers or guards.[1] "The mere fact that the manager may not have been on the premises at the time of the incident does not shut the door to a claim of liability against [him]." *Id.*; *see also Littleton*, 2013 WL 1305505, at *3-4 (finding that a store manager's absence during plaintiff's assault did not render the manager's joinder improper).

### IV. Conclusion

For these reasons, Jones's motion to remand is well-taken and is GRANTED. An Order of Remand shall follow.

**SO ORDERED**, this 9th day of August, 2013.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] The analysis *might* be different if Jenkins were simply a *shift* manager, whose responsibilities could necessarily be bounded by time. But unlike a shift manager, there is no reason to believe that a site manager's responsibilities are diminished simply because he was not present on the property at a particular point in time.